[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence 16 November 1993 Date of Application 16 November 1993 Date Application Filed 6 December 1993 Date of Decision 23 January 1996
Application for review of sentence imposed by the Superior court, Judicial District of New london [London] at New London. Docket No. CR21-38021.
Bernard Steadman, Esq. for the Petitioner.
Paul Murray, Esq. for the State of Connecticut.
BY THE DIVISION
The record shows that the petitioner was convicted of Possession of Narcotics with intent to sell and sentenced by the court to ten years, execution suspended after serving CT Page 1287-E three. Once the petitioner was released from prison, he informed his probation officer that he was living with his parents locally. Upon investigation, it was found that the petitioner was living out of state in Alabama. The petitioner was arrested for a violation of his probation conditions and was found guilty of a violation of probation by the trial court. The court imposed the remainder of the original sentence of ten years with credit for time served.
The petitioner's counsel informed the panel that his client had twenty-two years hanging over his head for federal crimes he committed in the state of Maine. Counsel felt it made sense to reduce the petitioner's sentence for economic reasons that would benefit the State of Connecticut. Counsel also felt that it was in petitioner's best interest to be transferred to a federal facility as the petitioner could get help for his problems.
Counsel for the state felt that the sentence imposed by the court was appropriate and asked this panel to uphold its imposition. He noted that the petitioner was involved in an escape attempt in Connecticut and that he has a long criminal record. He urged the panel to affirm the sentence.
In reviewing the sentence imposed, the trial court utilized all criteria necessary as dictated by Practice Book § 942. Here the petitioner was given a generous sentence initially, served less than three years in the prison system, then fails to adhere to the conditions of probation. While reducing the petitioner's sentence for economic reasons had some merit, this panel can only act in accordance with § 942. The sentence imposed was neither disproportionate nor inappropriate. It is AFFIRMED.
Klaczak, J.
Norko, J.
Stanley, J.
Klaczak, J., Norko, J. and Stanley, J. participated in this decision.